UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| DEANNE GILES, KAIDEN GILES, and LYDIA WILLIAMS,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., a Delaware corporation; AIG CLAIMS, INC., a Delaware corporation; and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,<br><br>Defendants. | Case No. 1:25-cv-00580-BLW-REP<br><br>**REPORT AND RECOMMENDATION RE: DEFENDANT AMERICAN INTERNATIONAL GROUP, INC.'S MOTION TO DISMISS (DKT. 4)** |

Pending is Defendant American International Group, Inc.'s ("AIG") Motion to Dismiss (Dkt. 4) pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Having reviewed the record and briefing, the undersigned finds oral argument unnecessary. For the reasons set forth below, the undersigned recommends that AIG's Motion to Dismiss (Dkt. 4) be granted.[1]

## I. BACKGROUND

Plaintiffs are the surviving spouse, son, and stepdaughter of Robert Giles. Third Am. Compl. at ¶¶ 1-5 (Dkt. 1-2). On May 20, 2024, Robert Giles died in a car accident while working as a courier for St. Luke's Health, Ltd. *Id.* at ¶ 19. At the time, Plaintiffs were insured under a policy issued by defendant National Union Fire Insurance Company of Pittsburgh, PA

[1] The action was originally assigned to the undersigned. However, when the parties did not consent to magistrate judge jurisdiction, the action was reassigned to U.S. District Judge B. Lynn Winmill (Dkt. 7). Judge Winmill referred the action back to the undersigned on November 4, 2025. *See* Order Referring Case (Dkt. 8) (instructing the undersigned to enter (i) orders on non-dispositive matters, and (ii) reports and recommendations on dispositive matters).

("National Union") to St. Luke's Health, Ltd. *Id.* at ¶¶ 14, 22. Plaintiffs filed a claim under the policy. Their claim was handled by AIG Claims, Inc. ("AIG Claims"), the entity responsible for evaluating and adjusting insurance claims made under National Union's policies. *Id.* at ¶ 11. Plaintiffs allege AIG is the parent company to both entities. *Id.* at ¶ 12.

Plaintiffs filed this case in state court on December 30, 2024. Evett Dec. Ex. B at 2 (Dkt. 1-3). Their operative Third Amended Complaint was filed on September 4, 2025. *Id.* at 3. The Third Amended Complaint alleges causes of action for breach of contract, negligent adjustment, and bad faith stemming from Defendants' handling of Plaintiffs' insurance claims following the accident. Third. Am. Compl. at ¶¶ 24-51.

Defendants AIG and AIG Claims removed the case to federal court on October 15, 2025 (Dkt. 1). AIG then moved to dismiss the claims against it pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) (Dkt. 4). Plaintiffs responded (Dkt. 10), and AIG replied (Dkt. 13). The matter is now ripe.

## II. LEGAL STANDARDS

### A. Rule 12(b)(2)

Personal jurisdiction is the "power of a court to enter judgment against a person." *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). When opposing a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "the plaintiff bears the burden of establishing that jurisdiction is proper." *Mavrix Photo, Inc. v. Band Tech., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citation omitted).

Where "the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Mavrix*, 647 F.3d at 1223 (citation omitted). Under this standard, the

plaintiff's "materials [must] demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss." *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977) (citations omitted). However, the Court may consider other evidence outside of the pleadings such as declarations and affidavits to determine whether it has personal jurisdiction. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). The plaintiff cannot "simply rest on the bare allegations of its complaint" where those allegations are contradicted by affidavit; however, where both parties submit conflicting affidavits, the Court must resolve controverted allegations in the plaintiff's favor. *Mavrix*, 647 F.3d at 1223 (citation omitted). Where, as here, there is no applicable federal statute governing the assertion of personal jurisdiction over an out-of-state defendant, the district court applies the law of the forum state. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998)). However, the assertion of personal jurisdiction under the law of the forum state must also be consistent with the Due Process Clause. *See Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945).

Idaho's long-arm statute, codified at Idaho Code § 5-514, allows a broader assertion of personal jurisdiction than allowed under the Due Process Clause. *Wells Cargo, Inc. v. Transp. Ins. Co.*, 676 F. Supp. 2d 1114, 1119 n.2 (D. Idaho 2009). Thus, under Idaho law, personal jurisdictional analysis and federal due process analysis are the same. *Id.*

The exercise of personal jurisdiction over an out-of-state defendant complies with federal due process "only if he or she has certain minimum contacts with the relevant forum such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc)

(internal quotation marks and citation omitted). "Applying the 'minimum contacts' analysis, a court may obtain either general or specific jurisdiction over a defendant." *Doe*, 248 F.3d at 923.

**B. Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When evaluating a Rule 12(b)(6) motion, the court accepts as true all well-pleaded factual allegations in the complaint, while disregarding unsupported legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Next, having identified the adequately-pleaded facts, the court "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Stated concisely, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678.

Dismissal under this standard can be predicated on either (a) "a lack of cognizable legal theory" or (b) "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008).

When, as here, the sufficiency of the facts is challenged, the plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If a plaintiff cannot nudge the claims "across the line from conceivable to plausible," the complaint must be dismissed. *Id.* at 680.

## III. ANALYSIS

The undersigned first analyzes, pursuant to Rule 12(b)(2), whether the Court has personal jurisdiction over AIG. Because it does not, the undersigned does not address the Rule 12(b)(6) argument.

**A. Rule 12(b)(2)**

A court has either general or specific personal jurisdiction over a defendant. *Doe*, 248 F.3d at 923. Here, the undersigned finds that AIG is not subject to either general jurisdiction or specific jurisdiction in Idaho.

1. General Jurisdiction

General jurisdiction encompasses "any and all claims" against a defendant, stemming from conduct "anywhere in the world." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358-59 (2021). It attaches only where a defendant is essentially "at home" in the forum state – which for corporations generally means an entity's place of incorporation or principal place of business. *Id.* at 359.

As Plaintiffs' Complaint states, and AIG's sworn affidavit submitted in support of its Motion to Dismiss repeats, AIG is a Delaware corporation whose principal place of business is in New York. TAC at ¶ 9; Evett Dec. at ¶ 3 (Dkt. 4-2). Thus, neither of the two alternate bases for general jurisdiction over AIG in Idaho are satisfied. *Ford Motor Co.*, 592 U.S. at 359.

A review of the parties' briefing confirms that general jurisdiction is not substantially in dispute here. *See* Pls.' Mem. in Opp. at 4 (Dkt. 10); Defs.' Reply at 2-3 (Dkt. 13). Relevant here, Plaintiffs assert that the allegations contained in their complaint, if proven, "establish at a minimum specific jurisdiction." Pls.' Mem. in Opp. at 4. Plaintiffs also emphasize specific jurisdiction when they assert that it is "a factual question requiring discovery." *Id.* at 3. Accordingly, the undersigned finds that AIG is not subject to general jurisdiction in Idaho.

2. Specific Jurisdiction

Plaintiffs claim the Court has specific jurisdiction over AIG by referencing allegations in their Third Amended Complaint that AIG exercises control over its subsidiaries National Fire and AIG Claims. Pls.' Mem. in Opp. at 4 (Dkt. 10). However, AIG's Motion to Dismiss is

supported by a sworn affidavit that AIG is merely a holding company with no substantial business operations of its own. Evett Dec. at ¶ 3, Ex. 1 (Dkt. 4-2). This fact, and AIG's business relationship with its subsidiaries, preclude specific jurisdiction. The "essential foundation" of specific jurisdiction is a "strong relationship among the defendant, the forum, and the litigation." *Ford Motor Co.*, 592 U.S. at 353 (quotation marks omitted). "[T]he relationship must arise out of contacts that the 'defendant [itself]' creates with the forum state." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 465 (1985)). The analysis also must look to the defendant's contacts with the forum state, and not with persons who reside there. *Id*. at 285. A defendant may be "haled into court in a forum state based on [its] own affiliation with the state, not based on the 'random, fortuitous, or attenuated' contacts [it] makes by interacting with other persons affiliated with the state." *Id*. at 286 (quoting *Burger King*, 471 U.S. at 475). Ultimately, "the defendant's suit-related conduct must create a substantial connection with the forum state." *Id*. at 284; *see also id*. at 290 ("The proper question is … whether the defendant's conduct connects [it] to the forum in a meaningful way.").

To determine whether the exercise of specific jurisdiction over a nonresident defendant is appropriate, the Ninth Circuit applies a three-part test, commonly referred to as the "minimum contacts" test. That test provides: "(i) the non-resident defendant must purposely direct [its] activities or consummate some transaction with the forum or resident thereof, or perform some act by which [it] purposely avails [itself] of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws; (ii) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (iii) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable." *Freestream Aircraft (Berm.) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 603 (9th Cir. 2018) (quoting

*Schwarzenegger*, 374 F.3d at 802). The plaintiff bears the burden as to the first two prongs; "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King*, 471 U.S. at 476-78).

The first prong embodies two distinct, although sometimes conflated, concepts: purposeful direction and purposeful availment. *See Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010). Purposeful direction generally applies to actions sounding in tort, whereas purposeful availment is "most often used in suits sounding in contract." *Schwarzenegger*, 374 F.3d at 802. However, the Ninth Circuit has emphasized that the line between the two is not a "hard-and-fast rule." *Davis*, 71 F.4th at 1162.

A defendant purposefully avails itself of a forum state where it deliberately reaches out beyond its home, invoking the benefits and protections of a state's laws and in return "submitting to the burdens of litigation in the state." *Schwarzenegger*, 374 F.3d at 802. This may include exploiting a forum state's market or entering a contractual relationship centered in the forum state. *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 503 (9th Cir. 2023) (citing *Ford Motor Co.*, 592 U.S. at 359). "[U]nilateral activity" by another party will not suffice. *Id.*

Here, the undersigned first considers whether AIG directed "suit-related" conduct at Idaho and thereby "invoked the benefits and protections" of its laws. *Freestream Aircraft*, 905 F.3d at 603. As this is a breach of contract case involving denial of an insurance coverage claim, the undersigned uses the "purposeful availment" formulation of the minimum contacts test. TAC at ¶ ¶ 24-43; *Schwarzenegger*, 374 F.3d at 802 (applying the purposeful availment formulation to a case involving a breach of contract claim). Thus, the undersigned asks whether AIG "purposefully availed" itself of the benefits of Idaho's laws by deliberately reaching out beyond

its home to exploit Idaho's market or enter a contractual relationship centered there. *Ford Motor Co.*, 592 U.S. at 359.

Plaintiffs have presented no evidence that AIG purposefully reached out to Idaho and entered into contractual relationships centered there. Nor have they presented any other evidence of conduct demonstrating purposeful availment. The sole basis Plaintiffs assert for specific jurisdiction is the single allegation in their complaint that "upon information and belief, National Union and AIG Claims are agents of AIG or otherwise controlled by AIG and AIG is responsible for the acts of each." TAC at ¶ 13. Plaintiffs have alleged no other facts specifying how AIG took any actions directed at Idaho.

Conversely, Defendants provide a sworn affidavit that attests that AIG is merely a "holding company with no significant operations of its own." Evett Dec. at ¶ 3, Ex. 1 (Dkt. 4-2). As a holding company, AIG engages in no significant business operations at all. Rather, it is just a shell for the companies beneath it that *do* conduct business operations, namely AIG Claims and National Union. Plaintiffs have not detailed, in either their complaint or response to Defendants' motion to dismiss, how a holding company without significant operations could engage in forum-directed conduct sufficient to create minimum contacts with Idaho. Thus, Defendants' affidavit effectively refutes the singular allegation of specific jurisdiction in Plaintiffs' complaint. *Mavrix*, 647 F.3d at 1223.

Moreover, the operation of AIG's subsidiaries – National Union and AIG Claims – in Idaho does not, in and of itself, confer specific jurisdiction over AIG. Pls.' Mem in Opp. at 4 (Dkt. 10). It is well-established in the Ninth Circuit that the presence of a subsidiary in a forum state does not permit courts to attribute that subsidiary's presence and purposeful availment to its parent entity. *See, e.g.*, *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th

Cir. 2007). Therefore, Defendants' parent-subsidiary relationship is not an independent basis for specific jurisdiction.

This is true notwithstanding Plaintiffs' argument that allegations of control by AIG over National Union and AIG Claims "would render them general agents of AIG. . . establish[ing] at a minimum specific jurisdiction." Pls.' Mem in Opp. at 4 (Dkt. 10) (citing *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122 (9th Cir. 2003). This argument is on shaky ground. The Ninth Circuit previously allowed plaintiffs to establish personal jurisdiction over a corporate parent by using an agency relationship to impute a subsidiary's contacts with a forum state to its parent. *See, e.g.*, *Doe v. Unocal Corp.*, 248 F.3d 915, 928 (9th Cir. 2001). However, in *Daimler AG v. Bauman*, 571 U.S. 117, 135 (2014), the Supreme Court rejected that approach to establish general jurisdiction.

*Daimler* did leave open whether an agency relationship might justify the exercise of specific jurisdiction. *Id.* at 135 n.13 ("Agency relationships, we have recognized, may be relevant to the existence of *specific* jurisdiction"). Subsequent Ninth Circuit precedent has questioned whether "the rationale set forth in *Daimler*. . . would seem to undermine application of [our agency test] even in specific jurisdiction cases." *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1024 (9th Cir. 2017) (citing *Corcoran v. CVS Health Corp.*, 169 F.Supp.3d 970, 983 (N.D. Cal. 2016)). Indeed, the Ninth Circuit has found that *Daimler's* rejection of the agency test "applies with equal force regardless of whether the standard is used to establish general or specific jurisdiction." *Id.*

Even assuming that some agency relationship might still be relevant to the existence of specific jurisdiction, the Ninth Circuit has cautioned that "under any standard for finding an agency relationship, the parent company must have the right to substantially control its

subsidiary's activities." *Id.* at 1025. Thus, courts should not credit "conclusory legal statement[s] unsupported by any factual assertion regarding [a parent's] control over [a subsidiary] (or regarding any other aspect of the parent-subsidiary relationship)." *Id.* at 1025 n.5.[2] Here, the undersigned finds that Plaintiffs' singular allegation that National Union and AIG Claims "are agents of AIG or otherwise controlled by AIG and AIG is responsible for the acts of each" are similarly conclusory and unsupported by factual assertion. Accordingly, even assuming that an agency analysis might be relevant to specific jurisdiction, Plaintiffs have failed to show specific jurisdiction over AIG at this stage.

Defendants' affidavit, combined with the fact that agency and subsidiary theories are not viable routes to jurisdiction, rebuts Plaintiffs' jurisdictional allegations. At this stage, Plaintiffs may not rest on the bare and insufficient allegations contained in their complaint. *Yamashita*, 62 F.4th at 502. Instead, Plaintiffs "must come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Mktg. Sys., Inc. v. Jobar Intern., Inc.*, 551 F.2d 784, 787 (9th Cir. 1977). Plaintiffs have not done so here.

In sum, Plaintiffs have not shown sufficient facts that Defendant AIG purposefully availed itself of Idaho's laws. Because Plaintiffs have not met their burden of proof to establish jurisdictional facts that support the Court's exercise of specific jurisdiction over AIG, the undersigned recommends that AIG's motion to dismiss be granted pursuant to Rule 12(b)(2).[3]

---

[2] In *Williams*, the Ninth Circuit applied this standard, and rejected as insufficient appellants' allegations that "Defendants ... were the agents or employees of each other and were acting at all times within the course and scope of such agency and employment ... and are legally responsible because of their relationship with their co-Defendants." *Id.*

[3] While Plaintiffs seek limited jurisdictional discovery – "to confirm whether AIG"s subsidiaries act as its agents and whether AIG purposefully avails itself of doing business in Idaho" (Pls.' Mem. in Opp. at 7 (Dkt. 10)) – they have not established the requisites for that discovery. Jurisdictional discovery should "ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Yamashita*, 62 F.4th at 507. However, "a mere hunch that discovery might yield jurisdictionally

## IV. REPORT AND RECOMMENDATION

The undersigned finds that Plaintiffs have not met their burden to show jurisdictional facts sufficient to support specific jurisdiction over AIG, and that Plaintiffs have failed to show a colorable basis for permitting jurisdictional discovery. Thus, the undersigned recommends that Defendant AIG's Motion to Dismiss (Dkt. 4) be GRANTED.

DATED: August 4, 2026

____________________________
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

relevant facts, or bare allegations in the face of specific denials, are insufficient reasons for a court to grant jurisdictional discovery." *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 864-65 (9th Cir. 2022) (cleaned up). Here, Defendants have unequivocally averred, under oath, that AIG is just a "holding company with no significant operations of its own." Evett Dec. at ¶ 3, Ex. 1 (Dkt. 4-2). Notwithstanding that AIG is a public company – whose operations and corporate structure is readily ascertainable from public SEC filings – Plaintiffs allege no concrete facts in their complaint that controvert this statement. As such, the undersigned finds that Plaintiffs' bare allegations are trumped by Defendants' sworn statement, and discovery is not warranted. *Yamashita*, 62 F.4th at 508 ("in the context of a motion for jurisdictional discovery, just as in the context of a motion to dismiss for lack of jurisdiction, bare allegations are trumped by sworn statements to the contrary.") (citing *LNS Enters.*, 22 F.4th at 864-65). A denial of jurisdictional discovery "will not be reversed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (cleaned up).